# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50309
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EZEQUIEL GARCIA-GARCIA, also known as Ezequiel Chuck Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-2643-1

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Ezequiel Garcia-Garcia (Garcia) appeals the 18-month within-guidelines sentence he received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. For the first time on appeal, Garcia challenges the substantive reasonableness of his sentence, urging that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He maintains that the presumption of reasonableness should not apply because U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50309

§ 2L1.2 is not supported by empirical data, acknowledging that the argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Although Garcia concedes that this court applies plain error review when a defendant fails to object to the reasonableness of the sentence in the district court, he nevertheless contends that the proper standard of review is abuse of discretion. Because he did not raise his challenge to the reasonableness of his sentence in the district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Garcia has not demonstrated any plain error in connection with his sentence. The district court considered his mitigation arguments, concluding that a sentence at the low end of the applicable guidelines range was sufficient, but not greater than necessary, to satisfy the sentencing goals set forth in § 3553(a). Garcia has not shown that the district court failed to give proper weight to any particular § 3553(a) factor or that his sentence represents a "clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To the extent that he seeks to have this court reweigh the § 3553(a) factors, this court will not do so. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Garcia's arguments that § 2L1.2 lacks an empirical basis and that he returned primarily because he has lived in the United States for almost all of his life are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.